### MUNSON S. S. LINE v. E. STEIGER & CO.

(District Court, S. D. New York. June 24, 1904.)

1. SHIPPING—LOSS OF LOGS IN LOADING—PERIL OF THE SEA.

  The loss of logs which broke loose from a raft by reason of a high wind, after they had been towed out to a steamer for loading in the open sea, was due to a peril of the sea, and the steamer is not liable therefor.

In Admiralty. Suit to recover balance of freight.

Wheeler, Cortis & Haight, for libellant.

William L. Snyder, for respondent.

ADAMS, District Judge. This action was brought by the libellant, the Munson Steamship Line, against E. Stieger & Co., a corporation, to recover a balance of freight on a cargo of 904 mahogany logs transported by the seamer Urd from the ports of Frontera and Tonala, Mexico, to New York, in the months of February and March, 1903.

Of the 904 logs, 863 were delivered to the respondent in New York and the controversy arises with respect to the responsibility for the short delivery of 41 logs. The libellant admits liability for 10 logs, for which it offers to allow $100, which seems satisfactory to the respondent. The latter claims compensation for the remaining 31 logs, of the value of at least $310, which, if allowed, would apparently about wipe out the balance of the freight. The dispute, therefore, turns upon the liability for the 31 logs, which it is alleged by the libellant were lost at Frontera in consequence of a storm, creating a peril of the sea, from the effects of which, the libellant is exempted from liability by the terms of the bill of lading covering the shipment. If such peril existed, the libellant's contention must be sustained. The respondent contends that the testimony does not show any peril which the libellant can resort to in excuse for the non-delivery.

It appears that these logs were never loaded on the steamer. They were brought alongside by a tug in rafts and fastened by lines to the steamer, which was necessarily anchored about 3 miles from the shore in the open sea. The libellant's testimony shows that before the logs could, in the ordinary course, be taken into the vessel, a heavy wind arose, which caused some of the logs to get adrift, without fault on the libellant's part, and that fairly vigilant efforts made to recover them were unsuccessful. There were some discrepancies in the statements of the vessel's master with respect to dates, but I do not consider them of enough importance to destroy the general effect of the testimony, showing a loss which it was not contemplated the vessel should suffer. The respondent's testimony tends to substantiate the loss of 31 logs by breaking loose from the rafts. Some of these logs were subsequently recovered and, of course, belong to the shipper, but I find that there was no liability for them on the part of the libellant.

Decree for the libellant, with an order of reference, unless the parties can agree upon the amount due here under.

¶ 1. Loss by perils of the sea, see note to The Dunbritton, 19 C. C. A. 465.